# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20190
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

       Plaintiff-Appellee

v.

JOSE GOMEZ-LOPEZ, also known as Pedro Antonio Trujillo, also known as Mercedes Escalante, also known as Roberto M Escalante,

       Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-485-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Jose Gomez-Lopez appeals his conviction of illegal reentry into the United States and was sentenced to 24 months of imprisonment and one year of supervised release. He entered a conditional guilty plea to the indictment, reserving the right to challenge the district court's denial of his motion to dismiss the indictment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Now, Gomez-Lopez asserts, as he did in the district court, that his prior removal was invalid because the notice to appear which commenced the proceeding was defective for failing to specify a place, date, and time for his removal hearing.  He contends therefore that the removal order is void and that the Government cannot establish an essential element of the illegal reentry offense under 8 U.S.C. § 1326.  He concedes that this challenge is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), but he wishes to preserve the issue for further review.

The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed under *Pedroza-Rocha.* Alternately, the Government requests an extension of time to file its brief.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

*Pedroza-Rocha* concluded that the notice to appear was not deficient, that any such alleged deficiency had not deprived the immigration court of jurisdiction, and that Pedroza-Rocha could not collaterally attack his notice to appear without first exhausting his administrative remedies.  933 F.3d at 496-98.  Gomez-Lopez's arguments are, as he concedes, foreclosed.  *See id.* Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.